IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roseetta Green, | ) Civil Action No.: 2:12-1041-MGL |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Roseetta Green ("Green") brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Green's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In her Report and Recommendation ("Report"), the Magistrate Judge recommends reversing the Commissioner's decision and remanding the case for further proceedings. (ECF No. 25.) The Commissioner objects to the Report. (ECF No. 27.) For the reasons stated below, the court adopts the Report and reverses and remands the case for further administrative proceedings.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part.  On October 1, 2008, Green filed a Title II application for DIB and a Title XVI application for SSI, alleging disability beginning August 11, 2007.  (Tr. 16, 26.)  Green was 44 years old on the alleged disability onset date.  (Tr. 16, 26.)  Green claimed disability due to obesity, knee pain due to osteoarthritis, and bipolar disorder.  (Tr. 18, 193.)  Green has a high school education and past relevant work as a store laborer and a production assembler.  (Tr. 25-26.)

Green's claims were denied initially and upon reconsideration. (Tr. 16.)  Thereafter, Green filed a written request for a hearing on November 6, 2009. (Tr. 11-12.)  A hearing was held on September 29, 2010.  (Tr. 28-66.)  In a December 23, 2010 decision, the Administrative Law Judge ("ALJ") found that Green was not disabled within the meaning of the Social Security Act.  (Tr. 16-27.)  The Appeals Council denied Green's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner.  (Tr. 1-5.)  Green filed the instant action on April 17, 2012.  (ECF No. 1.)

II. REPORT AND RECOMMENDATION

On July 24, 2013, the Magistrate Judge issued a Report in which she determined that the Commissioner's decision was not supported by substantial evidence.  (ECF No. 25.)  The Magistrate Judge recommends reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings, particularly related to the Listing analysis and the Residual Functional Capacity ("RFC") analysis. (ECF No. 25 at 12-16.)

The Magistrate Judge makes only a recommendation to this court.  The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III. DISCUSSION OF THE LAW

    A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d

889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).  Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

B. Analysis

This court has considered the Commissioner's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this court.  Specifically, the Commissioner objects to the Magistrate Judge's recommendation that this case be reversed for further proceedings based on the ALJ's decision to discount the opinion of treating physician Dr. James Jenkins in which he opined that Green had repeated episodes of decompensation each of extended duration as required to satisfy Listing § 12.04 (Affective Disorders) of the Social Security Administration's official Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04.  The Commissioner

argues that substantial evidence supports the Commissioner's decision to give Dr. Jenkins's opinion little weight and asks this court to affirm the decision. (ECF No. 27 at 2.) The Commissioner indicates that Dr. Jenkins's testimony does not indicate any significant alterations in medication or any unresolved episodes of decompensation which might be inferred from significant alterations in medications. (ECF No. 27 at 3.) The Commissioner also indicates that the ALJ gave other reasons for discounting Dr. Jenkins's opinion. (ECF No. 27 at 4.)

The court concludes that the Commissioner's objections to the Report and Recommendation are without merit and they are therefore denied. The Magistrate Judge notes specific concerns regarding the ALJ's consideration of episodes of decompensation as it might relate to evidence in the record of significant alterations to medications. (ECF No. 25 at 12-13.) The Magistrate Judge highlights evidence in the record that appears to go unacknowledged by the ALJ which speaks to the point. (ECF No. 25 at 13.) The issue goes the question of whether Green meets Listing § 12.04. The ALJ has a responsibility to consider and discuss all probative evidence. *See Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir.1985) (noting that the "duty of explanation is always an important aspect of the administrative charge.") The Magistrate Judge recommends that the ALJ revisit the matter of Dr. Jenkins's testimony and explain his view of the evidence which suggests that Green's medicine was both adjusted and ineffective in ways that imply satisfaction of the Listing criteria. (ECF No. 25 at 13.) The court agrees; the ALJ's lack of explanation here renders the court unable to determine whether the ALJ's decision is supported by substantial evidence. The court finds no error in Magistrate Judge's recommendation.

IV. CONCLUSION

In light of the standards set out above, the court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge. This court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings consistent with this order and the Report and Recommendation. On remand, the ALJ should reassess Dr. Jenkins's testimony for the purposes of the Listing analysis and also for the purposes of the RFC analysis if necessary. To the extent the ALJ's view of Dr. Jenkins's opinion is modified on remand, Green's credibility should also be reevaluated if necessary.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

August 28, 2013
Spartanburg, South Carolina